IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONDARD W. NASH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>QUALTRICS INTERNATIONAL INC., a Delaware corporation formally known as CLARABRIDGE, INC., BAS BRUKX, an Individual, KARL KNOLL, an individual, And MARK BISHOF, an individual,<br><br>Defendants. | C.A. No. 23-596-GBW-SRF |

## MEMORANDUM ORDER

Pending before the Court is Magistrate Judge Fallon's Report and Recommendation ("R&R"), dated January 22, 2024 (D.I. 28), recommending that the Court: (1) grant Defendants Qualtrics International Inc. ("Qualtrics"), f/k/a Clarabridge Inc. ("Clarabridge"), Bas Brukx, Karl Knoll, and Mark Bishof's, (collectively, "Defendants"), Motion to Dismiss Plaintiff Leonard W. Nash's ("Plaintiff") cause of action for scheme liability, with leave to amend; and (2) deny Defendants' Motion to Dismiss in all other respects. Defendants filed Defendants' Partial Objections to the January 22, 2024 Report and Recommendation ("Defendants' Objections") on February 5, 2024 (D.I. 30). Having reviewed the R&R, Defendants' Objections, and all related briefing, the Court overrules Defendants' Objections and adopts the R&R in whole. Accordingly, Defendants' Motion to Dismiss (D.I. 9) is **GRANTED** as to Plaintiff's cause of action for scheme liability under Count I, with leave for Plaintiff to amend within ten (10) days of this Order. Defendants' Motion to Dismiss is **DENIED** in all other respects.

1

I. **STANDARD OF REVIEW**[1]

A district court may modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

II. **DISCUSSION**

Defendants object to the R&R's recommendation that the Court deny Defendants' Motion to Dismiss Count I and Count II. Specifically, Defendants contend that Magistrate Judge Fallon erred in finding that: "(1) the Complaint adequately pleads material misrepresentations and omissions; (2) the Complaint plausibly alleged facts that constitute strong evidence of motive and opportunity, as well as conscious misbehavior or recklessness; and (3) the Complaint adequately alleges an underlying cause of action against Defendants pursuant to Section 10(b) and Rule 10b-5 to support a cause of action for control person liability under Section 20(a)." D.I. 30 at 1. Having reviewed the Complaint, the R&R, Defendants' Objections, and all related briefing, the Court agrees with and adopts Magistrate Judge Fallon's recommendations. Accordingly, Defendants' Objections are overruled.

    a. Count I

Count I of the Complaint alleges claims against Defendants pursuant to Section 10(b) of the Exchange Act and Rule 10b-5(b). D.I. 1, ¶¶ 94-103. In support of Count I, the Complaint

---

[1] The Court writes for the benefit of the parties who are already familiar with the pertinent background facts.

2

alleges that Defendant Brukx, Clarabridge's then-CFO, and Defendant Knoll, Clarabrige's general counsel, made material misrepresentations on November 13, December 17, and December 24, 2020, by contending that Clarabridge was not engaged in an "active sales process" in late 2020. *Id.* at ¶¶ 36-44. According to the Complaint, at the time of each of the three alleged misrepresentations, Clarabridge had already initiated sales-discussions with Qualtrics. *Id.* at ¶¶ 54-56. The Complaint alleges that Brukx and Knoll intentionally concealed their discussions with Qualtrics so that Plaintiff would sell his Preferred Stock back to Clarabridge at a reduced price. *Id.* at ¶¶ 56-59.

To establish a valid claim under 10(b)-5, a plaintiff must demonstrate the defendant "(1) made a misstatement or an omission of a material fact (2) with scienter (3) in connection with the purchase or sale of a security (4) upon which the plaintiff reasonably relied and (5) that the plaintiff's reliance was the proximate cause of his or her injury." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 174 (3d Cir.2000) (internal citations omitted). Magistrate Judge Fallon found that the Complaint asserts sufficient facts to support a 10(b)-5 claim by "alleg[ing] that Brukx and Knoll represented Clarabridge was not actually engaged in sales discussions on the dates Plaintiff and Schwamm raised the inquiry[] . . . ." D.I. 28 at 7. Defendants contend that Magistrate Judge Fallon erred in concluding that Count I satisfied the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(c)(1) ("PSLRA"). D.I. 30 at 4-5. Specifically, Defendants contend that the Complaint failed to plead two elements of a 10(b)-5 claim: material misrepresentation and scienter. *Id.* For the following reasons, the Court disagrees.

As to the first element of a 10(b)-5 claim, Defendants contend that Magistrate Judge Fallon erred in finding that the Complaint sufficiently pleads a material misrepresentation or omission

3

because "Plaintiff's allegations in the Complaint are based not on fact, but on his understanding of the term "active sales process" and, therefore, his interpretation of Defendants' statements regarding such." *Id.* at 5. According to Defendants, where allegations of falsity are based on information and belief, rather than evidentiary support, the PSLRA requires the complaint to plead with particularity facts 'sufficient to support a reasonable belief as to the misleading nature of the statement or omission' before the allegations can be accepted as true." *Id.* (citing *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 147 (3d Cir. 2004)). Defendants contend that, in this case, Plaintiff did not plead sufficient facts to support a reasonable belief that the three alleged misrepresentations were untrue at the time they were made because each is based on "Brukx and/or Knoll's beliefs or views regarding the meaning of 'active sales process,'" which are merely opinions. *Id.* at 5-6. The Court disagrees with Defendants' characterization of the alleged misrepresentations as opinions.

Among other things, the Complaint asserts that, during a meeting with Plaintiff on November 13, 2020, Brukx "expressed his understanding of Clarabridge's current circumstances and near-term prospects, and Brukx's view that the value of Clarabridge was in the range of $300 million to $350 million." D.I. 1, ¶ 24. The Complaint notes that Brukx "stated that there was no pending 'sales process' and 'no bankers'" but "omitted to disclose the discussions with Qualtrics." *Id.* at ¶¶ 24, 37. Similarly, the Complaint alleges that, during a call between Plaintiff's attorney and Knoll on December 17, 2020, Knoll was asked whether "Clarabridge was engaged in sale discussions in the last six months" and "confirmed that Clarabridge was not actively involved *in discussions* to sell the company." *Id.* at ¶ 40. According to the Complaint, Knoll was asked once more about potential sales on December 24, 2020 and again reiterated that Clarabridge was "not in an active process, nor are we holding an LOA." *Id.* at ¶ 44.

4

As the R&R found, when taken as true, these allegations "suggest[] [that Plaintiff] was asking about more than just late-stage sales negotiations." D.I. 28 at 7-8. For instance, Knoll commented broadly that Clarabridge was not "involved" in sales discussions "in the last six months." D.I. 1 at ¶ 40; *see also id.* at ¶ 66 (alleging that "Knoll was authorized by Bishof and/or Brukx to make the false and misleading statements, during the December 17, 2020 call, that Clarabridge was 'not actively engaged in sale discussions'"); *id.* at ¶¶ 47-48 (alleging December 28, 2020 email exchange seeking to confirm "that there are no active discussions ongoing with respect to a sale"). Thus, the Court agrees with Magistrate Judge Fallon that Plaintiff's alleged misrepresentations were not opinions and went beyond "[Defendants'] 'understanding' of the phrase 'active sales process.'" D.I. 28 at 8. And, even if the Court assumes the alleged misrepresentations were opinions, the Court, like Magistrate Judge Fallon, finds that Brukx and Knoll failed to include any qualifying language distinguishing between early-stage sales discussions and late-stage discussions. *Id.* at 9. Thus, the Court agrees with the R&R that Defendants' statements were sufficiently misleading to support Plaintiff's cause of action at Count I. *Id.* For these reasons, and for the additional reasons discussed in the R&R, the Court finds that the Complaint sufficiently pleads a material misrepresentation or omission. *See id.* at 9-10.

As to scienter, Defendants claim that the R&R erred in denying their Motion to Dismiss Count I because Plaintiff failed to allege "facts that constitute strong evidence of motive and opportunity, as well as conscious misbehavior or recklessness." D.I. 30 at 7. Again, the Court disagrees and, like Magistrate Judge Fallon, finds that the Complaint adequately alleges both motive and opportunity to commit fraud. D.I. 28 at 11-14. Indeed, in arguing that Plaintiff "failed to 'assert a concrete and personal benefit to the individual defendants' [] because any proportional increase in value experienced by the Individual Defendants would be shared across all other

5

remaining stockholders,"[2] Defendants provide support for Plaintiff's claim that cancellation of Plaintiff's shares would ultimately "increase the amount that Bishof, Knoll, and Brukx would receive for their shares and options at the closing of the transaction with Qualtrics." D.I. 1, ¶ 67. Additionally, because the Complaint alleges that the Individual Defendants were shareholders of a closely held corporation, the Court agrees with Plaintiff that this matter is distinguishable from *In re Digital Island Securities Litigation*, 357 F.3d 322, 329-30 (3d Cir. 2004). D.I. 34 at 7-8. The Court also finds sufficient support for Plaintiff's claims that the "personal financial gain" to each Individual Defendant would be palpable even if the increase in value stemming from Plaintiff's sale was spread amongst the company's remaining stockholders. *Id.* at 7-8.

Further, the Court, like Magistrate Judge Fallon, finds that the Complaint pleads scienter by alleging sufficient facts to "support a strong inference that Defendants behaved recklessly." D.I. 28 at 12-13. As noted in the R&R, the Complaint notes several instances in which Plaintiff inquired about Clarabridge's plans to sell and, during each instance, Defendants repeatedly confirmed that the company was not considering a sale. *Id.* Indeed, the Complaint shows that Defendants denied any plans to sell even when asked broadly about potential sales-related discussions. *See supra* at 4-5. Given the repetitive nature of Plaintiff's questions regarding sale of the company and Defendants' clear responses denying any such plans, the Court agrees with the R&R that the pleaded facts "go beyond general corporate mismanagement and give rise to an inference that Brukx, Knoll, and Bishof deliberately encouraged Plaintiff to sell his shares at a reduced price to increase their own financial gain at the time of the ultimate sale." D.I. 28 at 13.

Thus, for the foregoing reasons, the R&R is adopted, and Defendants' Motion to Dismiss Count I is DENIED, except as to Plaintiff's cause of action for scheme liability.

---

[2] D.I. 30 at 8 (internal citations omitted).

### b. Count II

Count II of the Complaint alleges that the Individual Defendants are "controlling persons" and thus liable under 20(a) of the Exchange Act. D.I. 1, ¶¶ 104-08. Defendants contend that "[t]he R&R [] erred by concluding that Plaintiff alleged a proper claim for control person liability under Section 20(a) of the Exchange Act." D.I. 30 at 10. Because liability under Section 20(a) "must always be derivative of an underlying violation of Section 10(b) by a controlled person," Defendants argue that the R&R came "to the incorrect conclusion that the [Section 10(b)] Claim was properly pled by Plaintiff" and thus erred in allowing that claim to "serve[] as the underlying cause of action to support a Control Person Claim" under Section 20 (a). *Id.* The Court disagrees. As noted above, *supra*, the Court agrees with Magistrate Judge Fallon and finds that Plaintiff has sufficiently pled a violation of Section 10(b) and Rule 10b-5 against Defendants. As such, the Court adopts the R&R's finding that Plaintiff's Section 10(b) and Rule 10b-5 claim supports his cause of action under Section 20(a). D.I. 28 at 15-16. Defendants' Motion to Dismiss Count II of the complaint is therefore DENIED.

***

Therefore, at Wilmington this **23rd** day of May, 2024, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Fallon's Report and Recommendation, D.I. 28, is **ADOPTED**;

2. Defendants' Partial Objections to the Report and Recommendation, D.I. 30, are **OVERRULED**;

3. Defendants' Motion to Dismiss, D.I. 9, is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants' Motion is **GRANTED** as to Plaintiff's cause of action for scheme liability in Count I of the Complaint, with leave for Plaintiff to amend within ten (10) days of this Order. Defendants' Motion is otherwise **DENIED**.

_____
GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE
