IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD W. NASH, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> QUALTRICS INTERNATIONAL INC., ) <br> a Delaware corporation formerly known as ) <br> CLARABRIDGE, INC., BAS BRUKX, an ) <br> individual, KARL KNOLL, an individual, ) <br> and MARK BISHOF, an individual, ) <br> ) <br> Defendants. ) | Civil Action No. 23-596-GBW-SRF |

## MEMORANDUM ORDER

At Wilmington this **24th** day of **March 2025**, the court having considered the parties' discovery dispute letter submissions. (D.I. 108; D.I. 109) IT IS ORDERED that:

**1. Plaintiff's motion to compel the second deposition of witness Iris Ng is DENIED.** On September 13, 2024, Plaintiff conducted a deposition of Iris Ng ("Ng"), Head of Corporate Development & Strategy at Qualtrics. (D.I. 108-5) Plaintiff now requests a supplemental deposition of Ng, due to subsequent production of discovery which was revealed during the first deposition. (D.I. 108) In support of the request, Plaintiff states Ng testified that she made notes in a specific OneNote® File related to the Clarabridge-Qualtrics transaction (the "OneNote File"). (D.I. 108-5 at 24:8–10, 25:6–25) At issue in the litigation is the due diligence conducted with respect to the transaction. Plaintiff states that without the benefit of the OneNote File, which was redacted and produced by Defendants on November 22, 2024, and produced in its unredacted form on December 23, 2024, Plaintiff was deprived of the opportunity to depose Ng with the OneNote File and ask questions related to its content. (D.I. 108 at 3) Plaintiff further states that the OneNote File was responsive to Plaintiff's June 20, 2024, Second Request for

Production ("RFP") No. 20, and should have been timely produced. (*Id.* at 3–4) Accordingly, Plaintiff argues that good cause exists for the court to compel a second deposition. (*Id.*)

2. Defendants respond that Plaintiff had a fair opportunity to examine Ng at deposition and that the OneNote File was not improperly withheld prior to the deposition, therefore, good cause for a second deposition has not been established. (D.I. 109 at 2–3) Defendants argue that they properly objected to RFP No. 20 and that Plaintiff never accepted their offer to meet and confer on the scope of discovery specific to RFP No. 20, prior to Ng's deposition on September 13, 2024. (*Id.*) Defendants further state that fact and expert discovery are now closed, and summary judgment motions have already been filed. (*Id.* at 4) Defendants aver that the OneNote File has been produced and that the Plaintiff is free to examine Ng about its content at trial. (*Id.*)

3. Rule 30(d)(1) provides that a deposition is limited to one day of seven (7) hours, unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 30(d)(1). The Rule further states that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* An award of additional time under Rule 30(d)(1) is limited by Rule 26(b)(2)(C), which restricts discovery that is unreasonably cumulative or duplicative or if the party seeking the discovery had ample opportunity to obtain the information. Fed. R. Civ. P. 26(b)(2)(C).

4. In determining whether there is good cause to extend the time for a deposition, courts consider six factors: (1) whether an interpreter is needed; (2) whether the examination covers events occurring over a long period of time; (3) whether the witness will be questioned about numerous or lengthy documents; (4) whether documents have been requested but not produced;

(5) whether the time to examine the witness is divided between multiple parties; and (6) whether the witness is an expert. *See Sight Scis., Inc. v. Ivantis, Inc.*, 2023 WL 7458354, at *6 (D. Del. July 3, 2023) (citing *Servis One, Inc. v. OKS Grp., LLC*, 2022 WL 1399087, at *2 (E.D. Pa. May 4, 2022) (discussing Advisory Committee notes from the 2000 Amendment accompanying Rule 30(d)).

5. Plaintiff's argument focuses on the fourth factor, i.e., the late document production despite Plaintiff's RFP No. 20. (D.I. 108 at 4) RFP No. 20 states: "Produce all records concerning any and all data rooms and/or due diligence files concerning 'Project Element,' including all records identifying any person who accessed such files and the dates and times of access." (D.I. 109-3 at 7)[1] Defendants argue that Ng's personal notes were neither contained in a data room or a due diligence file. (D.I. 109 at 3) Thus, Defendants assert the OneNote File was not responsive to RFP No. 20 and Plaintiff took no further action to challenge Defendants' objection to the RFP. (*Id.*)

6. Plaintiff elected to proceed with Ng's deposition on September 13, 2024, without pursuing any further response to RFP No. 20 from the Defendants. (D.I. 109 at 3) The consequences of their election to proceed with the deposition resulted in the disclosure by Ng of the OneNote File, which was subsequently provided in response to Plaintiff's counsel's request on the record at the deposition of Ng and a Third Request for Production. (D.I. 108-5 at 27:20–28:14; D.I. 109-2)

7. The court finds that RFP No. 20 is an overbroad request, and Plaintiff did not pursue the opportunity to meet and confer with Defendants to narrow it down to more specific

---

[1] "Project Element" was the name given to the Clarabridge-Qualtrics transaction by the internal team at Qualtrics, where Ng worked. (D.I. 108 at 4)

3

responsive documents targeted by the request. Even if the court assumes, *arguendo*, that Ng's OneNote File is responsive to RFP No. 20, Plaintiff has failed to establish on this record why a supplemental deposition is warranted. Plaintiff has not proposed the length of time estimated for the deposition, nor has he attempted to outline the scope of the deposition other than to generally state it relates to the OneNote File. Plaintiff has not directed the court to any information in the OneNote File that is so vital to the case that it can reasonably be said the Plaintiff was deprived of a fair opportunity to examine the witness about such vital information. Consequently, the court does not find good cause exists for a second deposition of Ng. Moreover, the advanced stage of this case weighs against the re-opening of fact and expert discovery which could impair the briefing schedule for summary judgment motions which have already been filed. (D.I. 103, D.I. 104) Accordingly, Plaintiff's motion to compel the second deposition of Iris Ng is **DENIED**.

8. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **April 2, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court

determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

9. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

10. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge